[No. 31691.   Department One.   November 29, 1951.]

CATLOW TRANSPORT COMPANY, INC., *Appellant*, v. DALLAS Cox *et al.*, *Respondents.*[1]

*Davies & Donahue* and *George H. Bovingdon,* for appellant.

*Jack Hullin,* for respondents.

MALLERY, J.—This is an action for damages arising out of a collision between the defendant's automobile and plaintiff's truck and trailer.   It occurred about three miles west of North Bend, near the Snoqualmie Falls cutoff.   The road there is straight and declines to the east, the direction in which plaintiff was traveling.   It is a black-top road twenty-two feet wide, with improved shoulders.   The black top "bleeds" oil in hot weather.   The day before the collision,

[1] Reported in 237 P. (2d) 786.

which occurred on June 17, 1948, was hot. That night, at 12:30 a. m., when the collision occurred, it was wet and very slippery. The defendant, who was traveling at fifty to sixty miles an hour toward the plaintiff, did not know that that strip of road was *unusually* slippery.

Plaintiff's forty-foot trailer was loaded with two gravel trucks. It had wheels on the rear, and was suspended in front by a swivel point on the truck-tractor known as a "fifth wheel." As it proceeded down the grade, the trailer "fishtailed" twice, three to five feet over the center of the road, while the defendant was approaching. This alarmed the defendant, and he applied his brakes. His right wheels skidded thirty-two feet and his left wheels seventy-one. His car struck the truck just back of the cab on its left side. At the point of impact, the truck was on its side of the road, and defendant's car was partially over the center, on its wrong side of the road.

The case was tried to the court, and the plaintiff appeals from a judgment for the defendant.

Appellant's appeal is predicated essentially upon the trial court's findings of fact in the case, rather than upon errors of law. Its position is that the facts found by the trial court were improbable to the point of being fantastic. Specifically, it contends that the difference in the length of the right and left wheel skid marks of respondent's car demonstrates that his brakes were faulty, and that he was negligent for that reason. The trial court held against this contention, and, in the oral decision, gave this explanation:

"There are too many factors there of an undetermined character, which may have occasioned the apparent showing of one brake taking ahold ahead of the other."

██ There was considerable testimony that the brakes were in good condition. The evidence does not clearly preponderate against the trial court's finding.

Appellant contends that the collision was caused by respondent's speed of fifty to sixty miles an hour. Respondent estimated his speed at forty to fifty miles an hour. In any event, the court found that it was not a proximate cause of

the collision, under the circumstances. We will not overturn such a finding. See *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684.

■ Appellant contends that, because the truck driver was killed, it is entitled to the presumption that he was exercising due care at the time of the accident. This would require a finding that the trailer did not "fishtail" over the center of the highway prior to the collision. Such a presumption disappears in the face of the competent disinterested testimony to the contrary, according to the rule of *Sweazey v. Valley Transport,* 6 Wn. (2d) 324, 107 P. (2d) 567, 111 P. (2d) 1010, 140 A. L. R. 1, upon which appellant bases its contention.

Appellant contends that the evidence of weaving of the trailer is unworthy of belief, because it is confused and contradictory. The "confusion" and "contradiction" related to *distances,* not the fact of weaving. We quote the trial court:

"I may say that the defendant's testimony is confused. He testified at the Coroner's inquest and at one of these private inquests by counsel and here, and he differed each time *as to distances.*" (Italics ours.)

■ If inaccuracy as to time and distances established incredibility, few witnesses could survive the computations of a surveyor with a stop watch. There is no testimony, in the record, that any mechanical facts or laws make the "fishtailing" of the trailer improbable. The question rests in the field of credibility. The trial court, fully aware of the contradictory testimony, nevertheless believed that, due to negligence, the trailer "fishtailed" over the center of the road, and created an emergency which justified the respondent's application of his brakes, with the result that his car collided with the truck on his wrong side of the road, without fault on his part.

The evidence does not clearly preponderate against the trial court's version of the facts.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and OLSON, JJ., concur.